UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTEBAN ALVAREZ,<br><br>       Plaintiff,<br><br>    v.<br><br>EAST LAKE MANAGEMENT &<br>DEVELOPMENT CORP.,<br><br>       Defendant. | No. 24 CV 13263<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Esteban Alvarez sued defendant East Lake Management & Development Corporation for discrimination on the basis of national origin, race, and arrest record. East Lake moves to dismiss for failure to state a claim. For the reasons discussed below, the motion is granted.

**I.    Legal Standards**

A complaint requires only "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.*

Plaintiffs do not need to anticipate potential affirmative defenses, like claim preclusion, in their complaints. *Reilly v. Will Cnty. Sheriff's Off.*, 142 F.4th 924, 930

(7th Cir. 2025). But where an affirmative defense is "clear from the face of the complaint," including matters subject to judicial notice, I may dismiss under Rule 12(b)(6). *Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025).

At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.*

## III. Facts

Plaintiff Esteban Alvarez alleges that he was discriminated against on the basis of his race, national ancestry, and arrest record. [9] ¶ 9.[1] He alleged in his charge of discrimination to the Illinois Department of Human Rights and the Equal Employment Opportunity Commission that he was of Mexican ancestry, that he satisfactorily performed his duties as a Zamboni driver, and that between February and May 2016, he was discriminated against by two supervisors. [9] at 12. He says that the supervisors denied him the opportunity to take regular break times, said that his work performance and attendance were poor, claimed he must have a disability, and forced him to seek the services of a psychiatrist. [9] at 12. He alleged he was involuntarily transferred from one location to another in April 2016. [9] at 13. In May, he was fired. [9] at 14. He said that similarly situated, non-Mexican

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed on the top of filings. The facts are taken from plaintiff's complaint, [9]. I also consider Alvarez's filings with the Illinois Department of Human Rights and Illinois Human Rights Commission, and decisions by the Department, Commission, and the Illinois courts, attached to Alvarez's complaint and submitted as exhibits to his response brief, and attached to East Lake's motion to dismiss. *Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025) ("The face of the complaint refers not just to its four corners but includes … documents incorporated into the complaint by reference and public records of which the court may take judicial notice.").

employees were treated differently. [9] at 12–14. He also alleged that similarly situated employees without an arrest record were not involuntarily transferred, nor fired. [9] at 12–14.

The Illinois Department of Human Rights dismissed Alvarez's claims for lack of substantial evidence on November 15, 2017. [9] at 15; [16-1] at 3. Alvarez submitted a request for review of the dismissal to the Illinois Human Rights Commission. [16-1] at 15–18. The Commission vacated the dismissal and remanded to the Department for further investigation and proceedings. [16-1] at 20. The Department then sent Alvarez a letter informing him that the time limit for the Department to complete its investigation had expired. [16-1] at 23. It told Alvarez that to pursue his complaint, he must either file a complaint with the Illinois Human Rights Commission or commence a civil action in Illinois circuit court. [16-1] at 23. Alvarez submitted a complaint to the Commission. [16-1] at 25–37.

After discovery, East Lake moved for summary decision on the complaint. [16-1] at 39–66. Both parties submitted documents in support of their positions. [16-1] at 68. An administrative law judge found that there were no genuine issues of material fact and recommended that East Lake's motion for summary decision be granted. [16-1] at 68–82. The Commission declined further review, and the administrative law judge's recommended order became the order of the Commission. [16-1] at 84.

Alvarez petitioned the Appellate Court of Illinois for review. [16-1] at 88–105. The court dismissed the case for want of prosecution a year later. [16-1] at 86. Alvarez

moved to vacate the dismissal. [16-1] at 107–08. The court denied his request as untimely. [16-1] at 110.

## IV. Analysis

East Lake argues that the Illinois Appellate Court's dismissal operates as an adjudication on the merits and Alvarez's claim is barred by res judicata. Alvarez does not respond to East Lake's argument, and instead, argues that he has stated a claim for discrimination, [19] at 8–10, and that he was denied due process because he was not afforded an opportunity to present certain evidence. [19] at 10.

Res judicata, or claim preclusion, bars a suit where it involves the same cause of action as an earlier one between the same parties and the suit raises a "matter[] that could have been decided in [the first] suit." *Sapp v. Foxx*, 106 F.4th 660, 666 (7th Cir. 2024) (alterations in original). For claim preclusion to apply, there must be (1) "a final judgment on the merits rendered by a court of competent jurisdiction," (2) "an identity of cause of action," and (3) "an identity of parties or their privies." *Id.* I apply Illinois law to determine the preclusive effect of a state court judgment. *Fliss v. Generation Cap. I, LLC*, 87 F.4th 348, 354 n.3 (7th Cir. 2023).

There is an identity of parties. Alvarez and East Lake were the named parties in the Illinois administrative and judicial proceedings. There was also a final judgment on the merits. In Illinois, an involuntary dismissal for failure to prosecute acts as a judgment on the merits. *Hartney v. Bevis*, 2018 IL App (2d) 170165, ¶ 12. This is true even for dismissal "on a technicality." *Id.* The Illinois Appellate Court dismissed plaintiff's petition for review for want of prosecution. When his motion to

vacate the dismissal was denied as untimely, he did not appeal that decision to the Illinois Supreme Court. The Illinois Appellate Court's dismissal operates as a final judgment on the merits.

There is also identity of the causes of action for Alvarez's employment discrimination and retaliation claims, and his housing discrimination claim. Illinois courts use the "transactional test" to determine identity of causes of action. *Walczak v. Chi. Bd. of Educ.*, 739 F.3d 1013, 1016–17 (7th Cir. 2014). Claims are considered the same cause of action "if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id.* Claim preclusion applies to matters that were actually decided and those that could have been decided. *Id.* at 1017. Where a plaintiff first seeks judicial review of an administrative decision in the Illinois courts, claim preclusion bars him from then bringing suit based on the same cause of action in federal court. *Id.* at 1016–17.

Alvarez argues that he was discriminated against because of his race, national origin, and arrest record and retaliated against for complaining about the discrimination, and separately, that after he was fired, he was retaliated against for filing his complaint. In his complaint before the Illinois Human Rights Commission, he alleged discrimination, [16-1] at 26–29 (¶¶ 6, 8–9, 14), 32 (¶¶ 21–22, 26–27), 33–35 (¶¶ 35, 39–56); retaliation, [21] at 29–30 (¶ 15), 33 (¶¶ 35–36), 35 (¶¶ 57–59); and retaliation after termination, [16-1] at 30 (¶ 15), 33 (¶ 38). His retaliation claims were struck without prejudice because they were added to the complaint without having been filed as a charge with the Department of Human Rights. [21] at 52. The

5

administrative law judge noted that a motion to amend the complaint is permitted to encompass retaliation arising from the same allegations in the charge. [21] at 52. It does not appear that Alvarez moved to amend his complaint.

In his petition for review before the Illinois Appellate Court, Alvarez made the same arguments about discrimination and retaliation. [16-1] at 91–97 (discussing discrimination and retaliation claims during employment), 98–100 (discussing housing discrimination allegedly in retaliation after termination). Alvarez makes these same claims in his federal complaint. [9] at 7.

Alvarez has made the same arguments before three different tribunals. Because the claims were part of the same set of operative facts as those the Illinois Appellate Court dismissed, his employment discrimination and retaliation and housing retaliation claims are barred by claim preclusion. *Walczak*, 739 F.3d at 1016–17; *see also Huon v. Johnson & Bell, Ltd.*, 757 F.3d 556, 559 (7th Cir. 2014) (discrimination claims barred where plaintiff did not attempt to litigate them or try to amend his complaint to include them).

Alvarez also alleges that he was retaliated against for filing a charge when he was placed on the "Chicago Crime Commission Gang Book." This claim involves a different set of operative facts than those in Alvarez's petition for review before the Illinois Appellate Court. Alvarez brought this claim in his complaint before the Illinois Human Rights Commission, but the Commission did not address it in any way, and dismissed the retaliation claims in the complaint. [16-1] at 30–31 (¶ 15d);

6

[21] at 52. Because the facts were different than those arising from his other claims, there is no identity of cause. The claim is not barred by claim preclusion.

But Alvarez has failed to plead any connection between the defendant, East Lake Management, and his alleged inclusion in the "Chicago Crime Commission Gang Book." Because there are no facts to allow me to "draw a reasonable inference that [East Lake] is liable for the misconduct alleged," Alvarez's claim based on his inclusion in the Gang Book is dismissed. *Iqbal*, 556 U.S. at 678.

Finally, Alvarez makes an argument that he was denied due process because he was systematically denied the opportunity to contest certain allegedly false accusations. For claim preclusion to apply, due process requires that a plaintiff had a "full and fair opportunity to present his case." *Sanchez v. City of Chicago*, 880 F.3d 349, 357 (7th Cir. 2018); *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480 (1982). Alvarez says he was denied a full and fair hearing because he could not contest the allegations that he was in a gang until 2017 and that there was no internal investigation of those accusations; there was missing evidence from the Illinois Department of Human Rights file; text messages were presented without the full context; and there was a false police report filed without Alvarez's knowledge or opportunity to respond.

Two of the accusations Alvarez says he could not contest appear in his Illinois Human Rights Commission complaint. *See* [16-1] at 28–29 (¶ 11), 30 (¶ 15c), 33 (¶ 38) (challenging the accusation that Alvarez was taking part in gang activity); 27 (¶ 7a), 28 (¶ 10), 29 (¶ 13), 33 (¶ 33) (describing the allegedly false police report that was

7

filed). He also argued about the gang accusations and false police report in his petition for review in the Illinois Appellate Court. [16-1] at 94 (gang accusations); [16-1] at 88–89, 96–98, 100–01 (police report). In the decision on East Lake's motion for summary decision, the Illinois Human Rights Commission administrative law judge discussed the challenged text messages, finding that given the opportunity to address them, Alvarez could not explain why they were not threatening. [16-1] at 78–79. Any lack of ability to contest these allegations before he was fired by East Lake is not relevant to whether Alvarez could contest them before the relevant decisionmakers here: the Illinois Department of Human Rights, the Illinois Human Rights Commission, or the Illinois courts. And he could.

Similarly, Alvarez had the opportunity to challenge East Lake's lack of investigation before the Illinois Human Rights Commission; the lack of investigation by East Lake is irrelevant to whether Alvarez had the ability to contest East Lake's lack of investigation before a tribunal. Alvarez had the chance to argue before the Illinois Human Rights Commission about allegedly missing evidence from the Department of Human Rights file and submit additional evidence himself. *See* 775 ILCS 5/8-103(B) (after filing of a request for review, "the Commission may consider the Department's report, any argument and supplemental evidence timely submitted, and the results of any additional investigation conducted by the Department in response to the request."). If Alvarez was "dissatisfied with the state court's decision or justifications, his remedy was to appeal, not to start over with a new suit." *Berry v. Wells Fargo Bank, N.A.*, 865 F.3d 880, 883 (7th Cir. 2017).

Because Alvarez had a full and fair opportunity to litigate his employment discrimination and retaliation and housing retaliation claims, they are barred by claim preclusion and dismissed with prejudice. Because the retaliation claims based on Alvarez's inclusion in the "Chicago Crime Commission Gang Book" were not part of the same operative facts as his claims before the Illinois Appellate Court, they are not barred by claim preclusion but are dismissed with prejudice because the complaint does not state a claim for relief.[2]

---

[2] Ordinarily a first dismissal for failure to state a claim is without prejudice and with leave to amend. *See Reilly*, 142 F.4th at 930. But here, amendment would be futile. *See id.* (a complaint may be dismissed with prejudice at the pleading stage where the court is "certain" from the allegations that any amendment would be futile). Alvarez alleges that East Lake terminated his employment in 2016, [19] at 7, and that he was placed in the Chicago Crime Commission Gang Book in 2018. [1] at 7. There are no adverse employment actions taken by East Lake against Alvarez after 2016, because he was no longer employed by East Lake, and therefore no plausible federal-law claim for retaliation can be alleged. To the extent Alvarez is invoking a state-law claim, I decline to exercise jurisdiction over such a claim. See 28 U.S.C. § 1367(c).

9

## IV. Conclusion

The defendant's motion to dismiss, [15], is granted. Plaintiff's claims are dismissed with prejudice. Enter judgment and terminate civil case.

ENTER:

                                              Manish S. Shah
                                              United States District Judge

Date: February 24, 2026